IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KLA-TENCOR CORPORATION,

    Plaintiff,

v.

NANOMETRICS INC.,

    Defendant.
                                /

No. C 05-03116 JSW

**ORDER DENYING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT**

       Now before the Court is the motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) ("Rule 12(e)") filed by Defendant Nanometrics Inc. ("Defendant"). The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for December 23, 2005 is VACATED. Having carefully considered the parties' arguments and relevant legal authority, the Court hereby DENIES Defendant's motion.

       Defendant seeks to have Plaintiff KLA-Tencor Corp ("Plaintiff") file a more definite statement identifying the specific claims in the two patents at issue that Plaintiff contends are being infringed. Rule 12(e) provides that "[i]f a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). Motions for more a definite statement are disfavored and are "proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted."

*Sagan v. Apple Computer, Inc.*, 874 F.Supp. 1072, 1077 (C.D. Cal.1994). Moreover, such motions may not be used as a substitute for discovery. *Id*.

Here, Defendant concedes that Plaintiff has sufficiently alleged all the elements of a patent infringement claim but merely argues that it would be difficult to draft an answer without knowing which of the specific claims within the patents Plaintiff contends are being infringed. Pursuant to the Patent Local Rules, by November 21, 2005, Plaintiff was required to disclose the claims of the patents at issue which it contends are being infringed. *See* Pat. L.R. 3-1(a). In light of its obligation to provide the information Defendant seeks before this motion was scheduled to be heard, Plaintiff argues that Defendants would not obtain any benefit from having Plaintiff file a more definite statement. Defendant has not responded to this argument. The Court agrees with Plaintiff. In light of Plaintiff's obligation to provide the added detail sought by this motion, providing a more definite statement would be unnecessary. Accordingly, Defendant's motion is DENIED.

**IT IS SO ORDERED.**

Dated: December 19, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE