Michael H. Kalkstein (SBN 41417)
michael.kalkstein@dechert.com
Ben Bedi (SBN 172591)
ben.bedi@dechert.com
Michael N. Edelman (SBN 180948)
michael.edelman@dechert.com
Daniel T. McCloskey (SBN 191944)
daniel.mccloskey@dechert.com
**Dechert LLP**
1117 California Avenue
Palo Alto, CA 94304-1106
Telephone: 650.813.4800
Facsimile: 650.813.4848

Attorneys for Plaintiff and Counterclaim Defendant,
KLA-TENCOR CORPORATION

EDWARD V. ANDERSON (SBN 083148)
evanderson@sidley.com
PETER H. KANG (SBN 158101)
pkang@sidley.com
TEAGUE I. DONAHEY (SBN 197531)
tdonahey@sidley.com
**SIDLEY AUSTIN LLP**
555 California Street, 20th Floor
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 397-4621

Attorneys for Defendant and Counterclaimant
NANOMETRICS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KLA-TENCOR CORPORATION,

Plaintiff,

vs.

NANOMETRICS INC.,

Defendant.

Case No.: CV 05-3116 JSW

**PROTECTIVE ORDER**

IT IS HEREBY ORDERED THAT, Plaintiff and Counterclaim Defendant KLA-TENCOR CORPORATION ("KLA") and Defendant and Counterclaimant NANOMETRICS INCORPORATED ("NANOMETRICS") are to be bound by the following Protective Order for the protection of confidential information, documents, and other things produced, served or otherwise provided in this action by the parties or by third parties:

**A. Designated Material.**

1. Information, materials and/or discovery responses may be designated pursuant to this Protective Order by the person or entity producing or lodging it or by any party to this action (the "Designating Party") if: (a) produced or served, formally or informally, pursuant to the Federal Rules of Civil Procedure or in response to any other formal or informal discovery request in this action; and/or (b) filed or lodged with the Court. All such information and material and all information or material derived therefrom constitutes "Designated Material;" which includes materials designated "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS AND CONSULTANTS ONLY" under this Protective Order. Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all material designated under this Protective Order shall not be used or disclosed by the party receiving Designated Material except as provided under the terms of this Protective Order. (For purposes of this Protective Order, "disclose" means to show, furnish, or provide the original or a copy of the referenced material or document.)

2. Subject to the limitations set forth in this Protective Order, a designation of "CONFIDENTIAL" means information, whether or not embodied in any physical medium, used by the Designating Party in or pertaining to its trade or business, which information the Designating Party believes in good faith has competitive value, which is not generally known to others and which the Designating Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence. Information may also be designated "CONFIDENTIAL" if the designating party believes in good faith that the information falls within the right to privacy guaranteed by the laws of the United States and/or California.

3. Subject to the limitations set forth in this Protective Order, a designation of "CONFIDENTIAL-ATTORNEYS AND CONSULTANTS ONLY" means information, whether or

not embodied in any physical medium, used by the Designating Party in or pertaining to its trade or business, including but not limited to trade secret, technical, research and development information, as well as financial, marketing, sales and other data, which information the Designating Party believes in good faith has significant competitive value which, if disclosed to agents of the receiving party, or to any other person, might cause competitive harm to the Designating Party. Such information must not be generally known to third parties or the public and is limited to information that the Designating Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence. Information may also be designated "CONFIDENTIAL-ATTORNEYS AND CONSULTANTS ONLY" if the, designating party believes in good faith that the information is significantly sensitive and protected by the right to privacy guaranteed by the laws of the United States and/or California.

**B.    Access By Parties.**

1.    **Materials Designated CONFIDENTIAL.** Subject to Section D, materials designated CONFIDENTIAL may only be disclosed to:

(a)    Persons who appear on the face of Designated Materials marked CONFIDENTIAL as an author, intended recipient (including addressees and persons who have been carbon copied ("Cc"), or blind carbon copied ("Bcc")).

(b)    "Outside Counsel" (which means and is defined as counsel of record, including the partners, associates, and employees of counsel of record), for the parties to this action to the extent reasonably necessary to render professional services in this action. Unless otherwise expressly provided through stipulation or order, Outside Counsel shall include only the law firms of Sidley Austin LLP on behalf of NANOMETRICS, and Dechert LLP on behalf of KLA.

(c)    "In-House Counsel" for NANOMETRICS and KLA as necessary in connection with this action and who are assisting Outside Counsel in the preparation of this action, provided further that such persons agree in advance of reviewing any such documents to execute Exhibit A. Any such review of materials shall be in the offices of Outside Counsel only and copies of such material shall not be taken from Outside Counsel's office. Further, any notes or compilations or review of such material made by in-house counsel shall remain in the office of

Outside Counsel.  Finally, in-house counsel involved in "competitive decision making" (see *Brown Bag Software v. Symantec Corporation*, 960 F.2d 1465) shall not review such records.

(d)     Non-party experts and consultants retained or employed by Outside Counsel to assist in the preparation of the case ("Outside Consultants"), to the extent reasonably necessary to render professional services in this action, subject to the disclosure requirements of Section C. Mock Jurors are not considered Outside Consultants subject to the disclosure requirements of Section C.

(e)     The officers and/or employees of NANOMETRICS ("NANOMETRICS Designees"), not to exceed two persons in number, subject to the disclosure requirements of Section C;

(1)     In the event that a NANOMETRICS Designee ceases to be an officer and/or employee of NANOMETRICS, NANOMETRICS shall so notify Outside Counsel for KLA in writing, identifying the NANOMETRICS Designee's new employer and professional addresses and/or affiliations and all other present employment and/or consultancies, and shall either: (A) certify that, to the best of NANOMETRICS' knowledge, the departing Designee has not retained any CONFIDENTIAL materials, and, at NANOMETRICS' option, designate a replacement NANOMETRICS Designee consistent with the provisions of this section; or (B) notify Outside Counsel for KLA in writing of its intention to continue using the Designee as a consultant, in which case KLA may object to the continued use of the departed Designee under the provision of Section C.

(2)     The officers and/or employees of NANOMETRICS who may review such confidential documents are those whose review is required for the conduct of this litigation provided further that such person sign in advance of receiving such designated material a certificate as appears in Exhibit A.  Further, such review shall be in the offices of Outside Counsel only and such documents, including copies, notes, or compilations of said documents, shall not be removed from Outside Counsel's office.

/ / /

        (f)      The officers and/or employees of KLA ("KLA Designees") not to exceed two persons in number, subject to the disclosure requirements of Section C;

        (1)      In the event that a KLA Designee ceases to be an officer and/or employee of KLA, it shall so notify Outside Counsel for NANOMETRICS in writing, identifying the KLA Designee's new employer and professional addresses and/or affiliations and all other present employment and/or consultancies, and shall either: (A) certify that the departing Designee has not retained any CONFIDENTIAL materials, and at its option designate a replacement KLA Designee consistent with the provisions of this section; or (B) notify Outside Counsel for NANOMETRICS in writing of its intention to continue using the designee as a consultant, in which case NANOMETRICS may object to the continued use of the departed Designee under the provisions of Section C.

        (2)      The officers and/or employees of KLA who may review such confidential documents are those whose review is required for the conduct of this litigation provided further that such person sign in advance of receiving such Designated Material a certificate as appears in Exhibit A.  Further, such review shall be in the offices of Outside Counsel only and such documents, including copies, notes, and compilations of said documents, shall not be removed from Outside Counsel's office.

        (g)      Vendors with whom Outside Counsel of record for the parties to this litigation have contracted for purely clerical functions, such as the copying of documents, court reporters or videographers.

        (h)      Subject to Section F(3) and H below, Designated Material marked "CONFIDENTIAL" may also be shown to witnesses at deposition and/or at trial.

        (i)      Mock jurors and jury consultants who have been engaged by the parties and/or the consultants in preparation for trial.  For any jury research, an appropriate screening process must be used to assure that the jury consultant(s) and mock jurors chosen for any mock jury presentation are not current or former officers, directors, employees or consultants of any party or any direct competitors of any party.  Each jury consultant and/or mock juror must agree in writing to be bound by this Order by signing and undertaking the form of Exhibit A to this Order.

2.     **Materials Designated CONFIDENTIAL-ATTORNEYS AND CONSULTANTS ONLY.**  Subject to Section D, materials marked "CONFIDENTIAL-ATTORNEYS AND CONSULTANTS ONLY" can only be reviewed by or disclosed to:

(a)     Persons who appear on the face of Designated Materials marked CONFIDENTIAL-ATTORNEYS AND CONSULTANTS ONLY as an author, addressee or recipient thereof;

(b)     Outside Counsel for the parties to this action;

(c)     Outside Consultants, to the extent reasonably necessary to render professional services in this action, subject to the disclosure requirements of Section C;

(d)     Vendors with whom Outside Counsel of record for the parties to this litigation have contracted for purely clerical functions, such as the copying of documents, court reporters or videographers.

(e)     Subject to Sections F(3) and H below, Designated Material marked "CONFIDENTIAL-ATTORNEYS AND CONSULTANTS ONLY" may also be shown to witnesses at deposition and/or at trial.

(f)     Mock jurors and jury consultants who have been engaged by the parties and/or the consultants in preparation for trial.  For any jury research, an appropriate screening process must be used to assure that the jury consultant(s) and mock jurors chosen for any mock jury presentation are not current or former officers, directors, employees or consultants of any party or any direct competitors of any party.  Each jury consultant and/or mock jurors must agree in writing to be bound by this Order by signing and undertaking the form of Exhibit A to this Order.

3.     Each person to whom any Designated Material may be disclosed pursuant to the provisions in this Protective Order shall, prior to the time such Designated Materials is disclosed to him or her, be provided with a copy of this Protective Order and shall certify under penalty of perjury that he or she has carefully read the Protective Order and fully understands its terms and agrees to be bound thereby.  This certificate shall be in the form attached as Exhibit A hereto. Outside Counsel who make any disclosure of Designated Materials shall retain each original executed certificate and, upon written request, shall circulate copies to all Outside Counsel at the

termination of this action.

4. All Designated Material and information covered by this Protective Order shall be kept in secure facilities, and access to those facilities shall be permitted only by those individuals indicated under paragraph B, "Access by Parties."

5. All counsel for the parties who have access to information or material designated as Designated Material under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of the Court for purposes of enforcing this Order.

**C. <u>Access By Outside Consultants.</u>**

1. If any party wishes to disclose information or materials designated under this Protective Order as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS AND CONSULTANTS ONLY to any Outside Consultant, it must first identify that individual to Outside Counsel for the Designating Party, who shall have seven (7) business days from receipt of such notice to object in writing to such disclosure to any individual so identified. Failure to object within seven (7) business days to a person proposed shall be deemed approval, but shall not preclude a party from objecting to continued access of designated material by the person where facts suggesting that basis for objection are subsequently learned by the party or its counsel. Such identification shall at least include the full name and professional address and/or affiliation of the individual, his or her prior employment, a statement that said expert is neither an employee of a party nor anticipated to become an employee in the near future, consultancies or testimony for the previous five years, and all of the person's other present employment or consultancies in the field. The disclosure as to said consultancies shall identify the attorney, law firm and client involved. The parties shall attempt to resolve any objections informally, and approval by the Designating Party shall not be unreasonably withheld. If the objections cannot be resolved, the objecting party may move, within ten (10) business days following its objection, for a protective order preventing disclosure of CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS AND CONSULTANTS ONLY materials to the individual. In the event that such a motion is made, the party seeking to prohibit disclosure shall bear the burden of proving that the disclosure is inappropriate. Prior to the resolution of any such objection, an opposing party's Designated Materials shall not be disclosed to person(s) so designated. Without

modifying any obligations under the Federal Rules of Civil Procedure, the parties shall not have any obligation under this Protective Order to identify which materials are provided to Outside Consultants.  Neither party seeking to retain a consultant shall disclose any Designated Material to the proposed consultant until: (1) After any and all objections to the proposed disclosure have been resolved by the parties in writing or by court order, or (2) If no objections have been made during the seven (7) business day period to object, or (3) a failure to file motion within the ten (10) business day period after an objection has been made.  Mock jurors are not Outside Consultants subject to the approval of a Designating Party.

2.　　Each Outside Consultant to whom any Designated Material may be disclosed pursuant to the provisions in this Protective Order shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Protective Order and shall certify under penalty of perjury that he or she has carefully read the Protective Order and fully understands its terms and agrees to be bound thereby.  This certificate shall be in the form attached as Exhibit A hereto.  Outside Counsel who make any disclosure of Designated Materials shall retain each original executed certificate and, upon written request, shall circulate copies to all Outside Counsel at the termination of this action.

3.　　In addition to the foregoing, each Outside Consultant to whom any Designated Material will be disclosed shall, prior to disclosure of such material, execute the Certification of Consultant in the form attached as Exhibit B hereto.  Upon receipt of this Certification of Consultant by counsel for the party retaining the Consultant, disclosure of such Designated Material may be made to the Outside Consultant without notification to the Designating Party or any other party to this action.  Outside Counsel who make any disclosure of Designated Materials shall retain each original executed Certification of Consultant and, upon written request, shall circulate copies to all Outside Counsel at the termination of this action.

**D.　Use Of Designated Materials By Designating Party.**

1.　　Nothing in this Protective Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information or documents to any person.  Such disclosure shall not affect any

designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

**E. Procedure For Designating Material.**

Documents, materials and discovery responses, in whole or in part, may be designated as CONFIDENTIAL or as CONFIDENTIAL-ATTORNEYS AND CONSULTANTS ONLY as follows:

1. The producing or responding party shall designate materials by placing the legend CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS AND CONSULTANTS ONLY on each page of the materials prior to production. Legends shall not cover up, obscure, or make illegible any text or other portion of the Designated Material. For tangible things (including but not limited to electronic components, models, diskettes, or prototypes) which are to be designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS AND CONSULTANTS ONLY, the Designating Party shall place a legend or sticker on said tangible thing with the appropriate confidentiality designation, or in the event that placing a legend on the tangible thing is not feasible, shall attach a legend securely to the tangible thing.

2. When a party wishes to designate as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS AND CONSULTANTS ONLY materials produced by someone other than the Designating Party, such designation shall be made:

(a) Within fifteen (15) days from the date that the Designating Party receives copies of the materials from the producing or disclosing entity; and

(b) By written notice to all parties to this action and to the Producing Party, if such party is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material).

3. Upon notice of designation, all persons receiving notice of the requested designation of materials shall:

(a) Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Protective Order;

///

(b) Take reasonable steps to notify any persons known to have possession or access to such Designated Materials of the effect of such designation under this Protective Order; and

(c) Take reasonable steps to reclaim or prevent access to such Designated Material or information in the possession or control of any person not permitted to have access under the terms of this Protective Order.

**F. Procedure For Designating Depositions.**

1. Deposition transcripts or portions thereof may be designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS AND CONSULTANTS ONLY by a party during deposition testimony or at the completion of said deposition, on the record, taken in this action, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS AND CONSULTANTS ONLY. The designated testimony shall be bound in a separate volume and marked by the reporter accordingly.

2. Where testimony is designated at a deposition, the Designating Party shall have the right to exclude, at those portions of the deposition, all persons not authorized by the terms of this Protective Order to receive such Designated Material.

3. Notwithstanding the provisions set forth in Sections B and C of this Protective Order above, any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material. Any person who is shown a deposition exhibit comprised of Designated Material, but who is not otherwise entitled to access such material under Sections B and C above, shall not be allowed (except by express permission of the Designating Party) to keep a copy of the deposition exhibit, and shall not be furnished a copy of such deposition exhibit when given the opportunity to review the deposition transcript for accuracy following the deposition.

4. Any party may, within fifteen (15) days after receiving a deposition transcript, designate pages of the transcript and/or its exhibits as Designated Material. If any party so

designates such material, the parties or deponents shall provide written notice of such designation to all parties within the 15-day period. Designated Material within the deposition transcript or the exhibits thereto may be identified in writing or by underlining the relevant portions and marking such portions CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS AND CONSULTANTS ONLY. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation without further order of the Court.

**G.  Copies.**

All complete or partial copies of Designated Materials shall also be deemed subject to the terms of this Protective Order. No copies of Designated Materials shall be made by the receiving party except as is reasonably necessary for their own use, which copies shall contain the same legending, and which shall be subject to the same restrictions as the documents originally produced.

**H.  Court Procedures.**

1.  Disclosure of Designated Material to Court Officials. Subject to the provisions of this section, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court) and the jury in this action, and any interpreters interpreting on behalf of any party or deponent.

2.  Obligations of the Court. The parties agree that the employees of the Court or the Clerk's office have no duty to the parties to maintain the confidentiality of any information in any papers filed with the Court.

3.  Filing Designated Materials with the Court. The parties shall not file any material with the Court under seal, except in accordance with Local Rule 79-5.

4.  Retrieval of Designated Materials. The party lodging or filing the Designated Materials shall be responsible for retrieving such Designated Materials from the Court following the final termination of the action (including after any appeals). Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of the action, including appeals therefrom, all persons having received designated material shall return such material and all copies

thereof to counsel for the producing party, or certify destruction thereof. Outside Counsel shall be entitled to retain court papers, deposition and trial transcripts and attorney work product provided that such counsel and employees of such counsel shall not disclose any such information or material contained in such court papers or transcripts or attorney work product to any person or entity except pursuant to court order or written agreement with the producing party of the information or material.

5. Failure to File Under Seal. If any party fails to file Designated Materials under seal, the Designating Party or any party to this action may request that the Court place the Designated Materials under seal within twenty (20) days of the filing of said Designated Materials. The Clerk of the Court is directed to comply with such request if consistent with Local Rule 79-5.

6. Use of Designated Materials in Open Court. The parties shall not present or quote from any Designated Material in open court, unless the Court shall order otherwise. With the exception of pleadings, briefs, declarations, or exhibits ("Litigation Documents") filed under seal pursuant to Local Rule 79-5, the parties shall not present or quote from any Designated Material in any Litigation Document. Presentation of, or quotations from, Designated Materials shall be heard by the Court under such conditions and safeguards as the Court may impose to prevent improper disclosure of Designated Materials. After the mandatory settlement conference and prior to trial, the parties shall meet and confer concerning appropriate methods for dealing with Designated Material at trial.

## I. Objections.

1. A party may challenge the propriety of any designation under this Protective Order at any time. A challenge may be made by serving on all other parties a captioned notice of objection, which shall identify with particularity the Designated Materials as to which the designation is challenged and state the basis for each challenge ("Notice of Objection"). Service of a Notice of Objection shall be made by facsimile and by mail.

2. On, but not before, the thirtieth (30th) day after service of a Notice of Objection, the challenged material shall be deemed re-designated unless the Designating Party has served by fax or hand delivery during normal business hours a response to the Notice of Objection setting forth the legal and factual grounds upon which the Designating Party bases its position that the materials

should maintain the original designation or for designating the material otherwise. In the event of a motion to change the designation, the material at issue may be submitted to the Court for in camera inspection. It shall be the burden of the designating party under such circumstances to establish that the information so designated is properly designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS AND CONSULTANTS ONLY within the meaning of this Protective Order. Upon the timely filing of such a motion, the original designations shall remain effective until ten (10) days after service of notice of entry of an order re-designating the materials and during the pendency of any writ petition filed within the ten-day period.

3. The parties shall meet and confer in good faith prior to the filing of any motion under this section.

**J. Client Communication.**

Nothing in this protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material. In rendering such advice and otherwise communicating with the client, however, counsel shall not make specific disclosure of any Designated Materials, except as permitted by this Protective Order.

**K. No Prejudice.**

1. This Protective Order shall not diminish any existing obligation or right with respect to Designated Materials, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

2. Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

3. The failure to object to a designation of information as CONFIDENTIAL or as CONFIDENTIAL-ATTORNEYS AND CONSULTANTS ONLY does not constitute an admission that such information is protected as a trade secret or that the information is protected by the laws of the United States and/or California.

/ / /

4.    If any person required to produce documents inadvertently produces any Designated Material without marking it with the appropriate legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped copies of the Designated Material, that the document, things, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Protective Order.

(a)    If any receiving party receives information, materials, and/or discovery responses which it reasonably believes was inadvertently produced without legending, it shall promptly advise the producing party by fax and by U.S. Mail, The producing party shall have ten (10) calendar days in which to legend all or some of said information, materials and/or discovery responses. During this ten (10) day period counsel for said receiving party shall treat said information, materials and/or discovery responses as if designated CONFIDENTIAL-ATTORNEYS AND CONSULTANTS ONLY.

4.    The restrictions as to use or dissemination of information or materials, set forth in any of the paragraphs of this Protective Order, shall not apply as to:

(a)    any information which at the time of the designation under this Protective Order is generally available to the public;

(b)    any information which after designation under this Protective Order becomes available to the public through no act, or failure to act, attributable to the receiving party or its counsel;

(c)    any information which the receiving party, its counsel, or any recipient of designated material under this Protective Order can show as a matter of written record was already known to the receiving party through means other than misappropriation as defined in the California Uniform Trade Secrets Act or any violation of law.

**L.    Modification and Survival.**

1.    Modification; Addition of Parties to this Stipulation.

(a)    All parties reserve the right to seek modification of this Protective Order at any time for good cause. The parties agree to meet and confer prior to seeking to modify this protective order for any reason. The restrictions imposed by this Protective Order may only be

modified or terminated by written stipulation of all parties or by order of this Court.

(b) Parties to this action who are not listed herein or who become parties to this action after the latest date of execution may become parties to this Protective Order, and thereby be bound by all the terms and conditions stated herein, by executing a written agreement thereto, to be signed by all Outside Counsel for the parties, and which designates Outside Counsel, any In-House counsel and any Party Designee (as defined in Sections B(l)(b) and B(1 )(d)-(t)) for the additional party.

Notwithstanding the provisions for return or destruction of Designated Material, Outside Counsel may retain pleadings, attorney and consultant work product, deposition transcripts and exhibits containing Designated Material, as well as one copy of each item of Designated Material for archival purposes.

**M. No Contract.**

This stipulation is for the Court's consideration and approval as an order. This order shall not be construed to create a contract between the parties or between the parties and their respective counsel.

**N. Court's Retention of Jurisdiction.**

The Court retains jurisdiction to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate. This order shall be without prejudice to either party to bring before the Court at any time a question of whether any particular information is or is not designated material or relevant to any issue of this case; upon such bearing the person asserting the designated material or relevance shall have the burden of establishing the same.

**O. Final Disposition.**

Within 180 days of the final disposition of the subject of this litigation, whether it be pursuant to a dismissal with prejudice or an exhaustion of appeals, each party at its own option shall either:

(a) return the Designated Materials to the party producing such confidential information; or

///

(b) have the Designated Materials destroyed by a document destruction company with confirmation of the destruction being sent to the producing party within 45 days of the destruction.

Dated: February 16, 2006

DECHERT LLP

By: ______________________
Michael N. Edelman
Attorneys for Plaintiff and Counterclaim Defendant,
KLA-Tencor Corporation

Dated: February 16, 2006

SIDLEY AUSTIN LLP

By: ______________________
Edward V. Anderson
Attorneys for Defendant and Counterclaimant,
Nanometrics Incorporated

**ORDER**

Pursuant to the foregoing, IT IS SO ORDERED.

DATED: February 22, 2006

______________________
Hon. Jeffrey S. White
United States District Judge

**EXHIBIT A**

**CERTIFICATION CONCERNING MATERIAL COVERED BY PROTECTIVE ORDER**

I, the undersigned, hereby certify that I have read the Protective Order entered in the U.S. District Court for the Northern District of California in the case entitled *KLA-Tencor Corporation v. Nanometrics Incorporated*, Case No. C 05-03116 JSW.

I understand the terms of the Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the U.S. District Court for the Northern District of California with respect to any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court. I will not disclose Designated Materials marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS AND CONSULTANTS ONLY" to anyone other than persons specially authorized by the Protective Order, and I agree to return all such materials which come into my possession to counsel from whom I received such materials.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Name of Individual: ______________________________

Company or Firm Name: ______________________________

Address: ______________________________

Telephone No.: ______________________________

Dated: ____________________ Signature: ____________________

**EXHIBIT B**

**CERTIFICATION OF CONSULTANT**

I, the undersigned, hereby certify that I have read the Protective Order entered in the U.S. District Court for the Northern District of California in the case entitled *KLA-Tencor Corporation v. Nanometrics Incorporated*, Case No. C 05-03116 JSW (the "Action'"), and that I have executed a Certification Concerning Material Covered by Protective Order.

I further certify that I am not employed by or affiliated with a competitor of the Designating Party or any person or entity currently a party (as of the time of the execution of this Certification) to this action. If at any time after I execute this Consultant Certification and during the pendency of the Action I become engaged in business as a competitor of any person or entity currently a party to this action ("Competing Party"), I will promptly inform the counsel for the party who retained me in the Action, and I will not thereafter review any Designated Materials marked "CONFIDENTIAL-ATTORNEYS AND CONSULTANTS ONLY" unless and until the Competing Party agrees or the Court in the Action orders otherwise.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Name of Individual: ____________________

Company or Firm Name: ____________________

Address: ____________________

Telephone No.: ____________________

Dated: ____________________ Signature: ____________________