**United States District Court**

For the Northern District of California

1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
KLA-TENCOR CORPORATION, a
Delaware corporation,
10
                                                    No. C 05-03116 JSW
                Plaintiff,
11

12      v.
                                                    **NOTICE OF TENTATIVE
13                                                  RULING AND QUESTIONS FOR
NANOMETRICS INC., a California                      HEARING**
corporation,
14

                Defendant.
15
_____/
16

17          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE

18   OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON FEBRUARY 24,

19   2006:

20          The Court **tentatively GRANTS** defendant Nanometrics Inc.'s ("Nanometrics") motion to

21   stay.  The Court has reviewed the parties' memoranda of points and does not wish to hear argument

22   summarizing the positions taken in those briefs.  If the parties intend to rely on authorities not cited

23   in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities

24   reasonably in advance of the hearing and to make copies available at the hearing.  If the parties

25   submit such additional authorities, they are ORDERED to submit the citations to the authorities

26   only, without argument or additional briefing.  *Cf.* N.D. Civil Local Rule 7-3(d).  The parties will be

27   given the opportunity at oral argument to explain their reliance on such authority.  The parties shall

28   not file written responses to the questions posed in this notice.

**United States District Court**

For the Northern District of California

1    Each party will have twenty minutes to address the following questions:

2    (1)    Is Nanometrics seeking to have U.S. Patent No. 6,611,330 ("the `330 patent") reexamined?

3    If so, by when will Nanometrics file the request with the United States Patent and Trademark

4    Office ("PTO")?  When is the PTO likely to decide whether to reexamine the `330 patent?

5    (2)    How similar or dissimilar are the technologies at issue in U.S. Patents Nos. 6,483,580 ("the

6    `580 patent") and 6,590,656 ("the `656 patent") from the technology in the `330 patent?  Is

7    there discovery that is likely to be conducted solely with respect to the `330 patent that would

8    not be relevant to the `580 and/or `656 patent?  Should the case move forward with respect to

9    the `330 patent if the Court issues a stay with respect to the `580 and `656 patents?

10   (3)    Nanometrics cites *Methode Electronics, Inc. v. Infineon Technologies Corp.*, 2000 U.S. Dist.

11   LEXIS 20689 (N.D. Cal. 2000), in support of its argument that this Court should stay all

12   infringement proceedings, including those related to the `330 patent.  In *Methode*, the court

13   stayed the proceedings of a non-reexamined patent-in-suit pending reexamination of another

14   patent-in-suit because "although discovery will still take place regarding the same accused

15   product regardless of the reexamination results, . . . the issues regarding the [non-

16   reexamined] patent may be narrowed or amended as a result of the PTO's decision.

17   Furthermore, it appears that there are overlapping issues in [both the reexamined and non-

18   reexamined patent] infringement actions."  2000 U.S. Dist. LEXIS 20689, at *8.

19        (a)    Does Plaintiff KLA-Tencor, Corporation ("KLA-Tencor") contend that the same

20               accused Nanometrics products infringe all three patents-in-suit?  If so, are there issues

21               to be resolved that are unrelated to the infringement of the `656 and `580 patents?  If

22               there are issues to be resolved that are unrelated to the infringement of the `656 and

23               `580 patents, what precisely are those issues?

24        (b)    Although the `330 patent relates to a polarimetric system while the `580 patent relates

25               to a spectroscopic scatterometer system, both claim 21 of the `580 patent and claim

26               28 of the `330 patent seem to involve directing a beam of broadband radiation at a

27               sample.  Does this constitute an "overlapping issue," within the meaning of *Methode*

28               *Electronics*, warranting a stay of the entire proceedings?

1    (c)    Both claim 21 of the `580 patent and claim 28 of the `330 patent also appear to

2           address the function of measuring optically detectable properties or parameters of a

3           sample, such as film thickness.  Does this constitute an "overlapping issue" within the

4           meaning of *Methode Electronics*?

5  (4)    Are there any other issues the parties wish to address?

6         **IT IS SO ORDERED.**

7

8  Dated: February 23, 2006                                          _____

9                                                                    JEFFREY S. WHITE
                                                                     UNITED STATES DISTRICT JUDGE

10

11

**United States District Court**

For the Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3