IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLA-TENCOR CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NANOMETRICS, INC., a California corporation,<br><br>Defendant. | No. C 05-03116 JSW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS PENDING REEXAMINATION OF PATENTS-IN-SUIT** |

Now before the Court is Defendant Nanometrics, Inc.'s ("Nanometrics") Motion to Stay Proceedings Pending Reexamination of Patents-in-Suit. Having considered the parties' pleadings, relevant legal authority, and the parties' arguments at the hearing on this matter, the Court HEREBY GRANTS Defendant's motion and STAYS ALL PROCEEDINGS with respect to all patents-in-suit.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff KLA-Tencor Corporation ("KLA-Tencor"), the assignee of United States Patents Nos. 6,483,580 ("the `580 patent") and 6,590,656 ("the `656 patent"), brought this action claiming that Nanometrics had infringed these patents by manufacturing, offering for sale and/or selling six devices, including but not limited to the Atlas metrology system and/or other metrology systems. (Declaration of Michael N. Edelman in Support of KLA-Tencor's Opposition to Stay ("Edelman Decl."), Ex. A at 2-3; Declaration of Edward V. Anderson in Support of Motion to Stay

Pending Reexamination ("Anderson Decl. 1"), Ex. A at 1.) KLA-Tencor then filed a first amended complaint adding a cause of action for infringement of United States Patent No. 6,611,330 ("the `330 patent"). (Edelman Decl., Ex. H.)

This litigation is in the early stages. Both parties have propounded, and one has responded to, their first set of requests for production of documents. (*See* Declaration of Edward V. Anderson in Support of Motion to Stay and *Ex Parte* Motion to Shorten Time ("Anderson Decl. 2"), Ex. 4; *see also* Edelman Decl., Exs. L-N.) The tutorial has been set for August 22, 2006, but no trial date has yet been set. Magistrate Judge Spero has established a schedule for an exchange of discovery plans and a date and time for a discovery conference. Neither claim construction briefing nor discovery has occurred on the `330 patent infringement cause of action that KLA-Tencor has recently added.

On December 21, 2005, the United States Patent & Trademark Office ("PTO") granted Nanometrics's requests for reexamination of the `580 patent and the `656 patent. (Anderson Decl. 2, Exs. 1, 2.) On February 21, 2006, Nanometrics filed a request for reexamination of the `330 patent with the PTO. (Nanometrics's Notice of New Authorities, Ex. A.)

On January 6, 2006, Nanometrics filed the instant motion. Nanometrics moves the Court for a stay of all proceedings, including the litigation as to the `330 patent infringement cause of action, pending the reexamination of the `580 and `656 patents. (Mot. at 2.) KLA-Tencor urges this Court to deny Nanometrics's motion on the following grounds: (1) a stay should not be entered where the reexamination does not implicate all patents-in-suit; (2) considerations of judicial efficiency militate in favor of permitting discovery on the infringement of all patents-in-suit; (3) a stay would substantially prejudice KLA-Tencor and unnecessarily delay the action given the slow pace of PTO reexamination proceedings; and (4) a stay would put KLA-Tencor at a clear tactical disadvantage.

**ANALYSIS**

A.   **Legal Standards Applicable to a Motion to Stay Proceedings Pending Reexamination.**

The patent reexamination statute provides in pertinent part that "[a]ny person at any time may file a request for reexamination by the [PTO] of any claim of a patent on the basis of any prior art cited under the provisions of section 301." 35 U.S.C. § 302. The PTO must "determine whether a

2

substantial new question of patentability affecting any claim of the patent concerned is raised by the request . . . ." 35 U.S.C. § 303(a). The reexamination statute further provides that "[a]ll reexamination proceedings . . . including any appeal to the Board of Patent Appeals and Interferences, will be conducted with special dispatch." 35 U.S.C. § 305.

The determination of whether to grant a stay pending the outcome of the PTO's reexamination is soundly within the Court's discretion. *See Tap Pharm. Prods. Inc. v. Atrix Labs. Inc.*, 70 U.S.P.Q. 2d 1319, 1320 (N.D. Ill. 2004) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983)). When ruling on such a stay, courts consider several factors: (1) the stage of the litigation, including whether discovery is or will be almost completed and whether the matter has been marked for trial; (2) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party; and (3) whether a stay will simplify the issues in question and streamline the trial, thereby reducing the burden of litigation on the parties and on the court. *Id.*; *Methode Elecs., Inc. v. Infineon Techs. Corp.*, No. 99-21142, 2000 U.S. Dist. LEXIS 20689, at *5-6 (N.D. Cal. Aug. 7, 2000). There is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII Corp. v. STD Entertainment*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

**B.      The Early Stage of the Litigation Weighs in Favor of Granting a Stay.**

The early stage of a litigation weighs in favor of granting a stay pending reexamination. *See Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q. 2d 2022, 2023 (N.D. Cal. 1995) (holding that the absence of "significant discovery" or "substantial expense and time . . . invested" in the litigation weighed in favor of staying the litigation); *see also ASCII Corp.*, 844 F. Supp. at 1381 (granting stay where parties had undertaken little or no discovery and the case had not yet been set for trial). Here, discovery has just begun. Nanometrics and KLA-Tencor have each propounded their first set of requests for the production of documents, and Nanometrics has responded to KLA-Tencor's first set of requests. (*See* Anderson Decl. 2, Ex. 4; Edelman Decl., Exs. L-N.) Magistrate Judge Spero just recently laid out a schedule for an exchange of discovery plans. Neither party has conducted any discovery with respect to the `330 patent-in-suit. The tutorial has been set for August 22, 2006, but no trial date has been set. Therefore, the fact that this case is still in the early stages

3

and the parties have not yet conducted "significant discovery" or invested "substantial expense" into the litigation weighs in favor of granting a stay. *See Target Therapeutics*, 33 U.S.P.Q. 2d at 2023.

### C. A Stay Will Not Unduly Prejudice KLA-Tencor.

In determining whether to grant a stay, courts also consider any resulting undue prejudice on the nonmoving party. *See Methode Elecs.*, 2000 U.S. Dist. LEXIS 20689, at *7. Granting a stay does not cause the nonmoving party undue prejudice when that party has not invested substantial expense and time in the litigation. *Id*. KLA-Tencor correctly notes that "the average time for the completion of a reexamination is approximately 18.2 months," excluding appeals. *Rohm and Haas Co. v. Brotech Corp.*, 24 U.S.P.Q. 2d 1369, 1372 (D. Del. 1992). However, parties having protection under the patent statutory framework may not "complain of the rights afforded to others by that same statutory framework." *Pegasus Dev. Corp. v. DirecTV, Inc.*, 2003 WL 21105073, at *2 (D. Del. May 14, 2003). Nanometrics "is legally entitled to invoke the reexamination process," and the PTO has already determined to reexamine two of the three patents-in-suit. *See id*. Moreover, if after reexamination the PTO again upholds KLA-Tencor's patents, this will only strengthen KLA-Tencor's rights because Nanometrics's burden of proof becomes more onerous. *See id*. Under such circumstances, the delay inherent to the reexamination process does not constitute, by itself, undue prejudice. *See id.*

As a result, courts also consider evidence of dilatory motives or tactics, such as when a party unduly delays in seeking reexamination of a patent. *Methode Elecs.*, 2000 U.S. Dist. LEXIS 20689, at *7. KLA-Tencor has failed to show, beyond the delay implicit in the reexamination process, how it would be unduly prejudiced or tactically disadvantaged if this Court were to grant a stay. In particular, the Court finds no evidence of dilatory tactics on Nanometrics's part in seeking reexamination at this early stage of the litigation. This is not a case where reexamination is sought on the eve of trial or after protracted discovery. *Cf. Agar Corp., Inc. v. Multi-Fluid, Inc.*, 983 F. Supp. 1126, 1128 (S.D. Tex. 1997) (finding that "courts are inclined to deny a stay when the case is set for trial and the discovery phase has almost been completed"). Rather, KLA-Tencor filed its complaint on August 1, 2005, the PTO granted Nanometrics's requests to reexamine the `580 and `656 patents on December 21, 2005, and Nanometrics filed its motion to stay proceedings on January

6, 2006. (Edelman Decl., Ex. A at 4; Anderson Decl. 2, Exs. 1, 2.) In addition, KLA-Tencor filed a stipulation and proposed order seeking to add the `330 patent on January 26, 2006, and Nanometrics filed a request for reexamination of the `330 patent on February 21, 2006. (Nanometrics, Inc.'s Notice of New Authorities, Ex. A.) This does not evince dilatory motives. Furthermore, KLA-Tencor will be fully compensated for delays if it prevails at reexamination and trial. *See Brown v. Shimano Am. Corp.*, 18 U.S.P.Q. 2d 1496, 1496 (C.D. Cal. 1991). Thus, because a stay will not unduly prejudice KLA-Tencor, this factor also weighs in favor of granting a stay.

**D.   A Stay Will Simplify the Issues, Streamline the Trial, and Reduce the Burden of Litigation on Both the Parties and the Court.**

The PTO is currently reexamining two of the three patents-in-suit and reviewing Nanometrics's request for reexamination of the third patent-in-suit. (Anderson Decl. 2, Exs. 1, 2; Nanometrics's Notice of New Authorities, Ex. A.) Statistical information regarding reexamination indicates that the PTO confirms all claims in approximately 24% of the cases, cancels all claims in approximately 12% of the cases, and changes some claims in approximately 64% of the cases. *Rohm and Haas*, 24 U.S.P.Q. 2d at 1372. These statistics "suggest that in a typical case there is a substantial probability a reexamination will have a major impact on the issues to be resolved in the litigation." *Id.* This is because "waiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate the trial by providing the court with the opinion of the PTO and clarifying the scope of the claims." *Target Therapeutics*, 33 U.S.P.Q. 2d at 2023; *see also Pegasus*, 2003 WL 21105073, at * 1-2 (noting the benefits of granting a stay pending reexamination include potentially narrowing the issues, reducing the complexity and length of trial, alleviating discovery problems relating to prior art, and encouraging settlement or even dismissal if the patent is declared invalid).

When there are overlapping issues between the reexamined patents and other patents in suit, courts have found staying the entire case to be warranted. In *Methode*, for example, the court stayed the litigation of both the reexamined and non-reexamined patents because the issues regarding the non-reexamined patent "may be narrowed or amended as a result of the PTO's decision." *Id.* Moreover, the *Methode* court stayed the litigation of both the reexamined and non-reexamined

5

patents because "it appears that there are overlapping issues" in the infringement action of the two patents. *Id.* If the court stayed the litigation with respect to the reexamined patents-in-suit only, duplicative discovery could have resulted because there were likely to be common documents and witnesses in the infringement litigation of the two patents. *Id.*

Similarly, here, even though the PTO has not determined yet whether it will reexamine the `330 patent, a stay of the entire suit is warranted because the reexamination of the `580 and `656 patents may significantly affect the litigation of the `330 patent. First, at the hearing on the instant motion, KLA-Tencor conceded that it accuses the same Nanometrics products of infringement of all three patents-in-suit. Second, Nanometrics argued at the hearing on this matter, and KLA-Tencor did not dispute, that the only real difference in discovery would involve the deposition of the different inventor of the `330 patent. Otherwise, as Nanometrics argued, the engineering and sales personnel deposed would be the same for all three patents-in-suit. Third, KLA-Tencor conceded at the hearing that there are overlapping issues between all three patents-in-suit. For example, the "first optics focusing a polarized sample beam of broadband radiation onto the surface of the sample" language of claim 28 of the `330 patent overlaps with the "optics providing a sampling beam of polarized broadband radiation and directing the beam towards the structure at an oblique angle" language of claim 111 of the `580 patent. Therefore, a stay will simplify the issues and streamline the trial, thereby reducing the burden on, and preserving the resources of both the parties and the Court.

Finally, in determining whether to grant a stay of an entire case, courts consider whether there would remain, after the PTO reexamination, issues "completely unrelated to patent infringement" for which a stay would not reduce the burden of litigation on both the parties and the court. *Imax Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1033 (C.D. Cal. 2005). If such matters "would continue to be an issue . . . a stay would not preserve many resources." *Id.* at 6.

Here, the only claims in the case are for patent infringement. Therefore, the Court finds that there are no issues in the case unrelated to patent infringement for which the PTO's expertise resulting from the reexamination process would not be helpful. Accordingly, the Court finds that a stay of the entire case pending reexamination of the `580 and `656 is warranted.

Therefore, having considered the factors relevant in determining whether to grant a stay pending reexamination, the Court hereby GRANTS Nanometrics's motion to stay all proceedings pending reexamination of the `580 and `656 patents.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Nanometrics's motion to stay pending reexamination of the `580 and `656 patents. The proceedings are stayed from the date of this Order until further notice. The Court HEREBY ORDERS the parties to submit a joint status report regarding the status of the reexamination proceedings every 120 days, or sooner if the PTO issues a final decision with respect to any of the patents-in-suit, until the stay in this case is lifted.

If the PTO grants Nanometric's application to reexamine the `330 patent and the reexamination proceedings for the `330 patent extend beyond those for the `580 and `656 patents, the Court will entertain a motion extend the stay at that time.

**IT IS SO ORDERED.**

Dated: March 16, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE